**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE:<br><br>LISA MCCARNEY,<br><br>Debtor.<br>______________________<br>NEXTIER BANK, N.A.,<br>Movant,<br>vs.<br><br>LISA MCCARNEY, Debtor; and<br>RONDA J. WINNECOUR, Trustee;<br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | BANKRUPTCY CASE NO. 24-22911-GLT<br><br>CHAPTER 13<br><br>RELATED TO DOC NOS. 36, 42 & 47 |

**AFFIDAVIT OF DEFAULT**

NEXTIER BANK, NA. (hereinafter "NexTier"), through its attorneys, Grenen & Birsic, P.C., respectfully files an Affidavit of Default, as follows:

1. On July 17, 2025, the Court entered and approved of an Order Conditionally Granting Relief from Stay pertaining to the July 14, 2025 Stipulation for Conditional Relief from the Automatic Stay signed by the parties. A true and correct copy of the Order is attached hereto as Exhibit 'A', and made a part hereof.

2. Under the terms of the Order, conditional relief from the automatic stay under 11 U.S.C. § 362 was granted in favor of NexTier as against the Debtor with respect to 12219 ADAMS DRIVE, NORTH HUNTINGDON, PA 15642 pertaining to underlying Claim 4.

3. Relief from the automatic stay was expressly stayed in the Order under the condition that the Debtor duly makes her subsequent monthly Chapter 13 Plan payments and the plan payments remain current, beginning with August 2025.

4. The Order approves the Stipulation for Conditional Relief, which provides:

> Should the Debtor fail to timely make any monthly plan payment in full to the Chapter 13 Trustee, then Movant shall forward a Notice of Default to counsel for the Debtor. Such Notice of Default shall advise of the amounts due and provide the Debtor with ten (10) days from the date of the Notice to fully cure such payment default. If said default is not cured within ten (10) days of the written notice, then without further proceedings, the automatic stay shall be lifted as it affects the interests of NexTier in 12219 Adams Drive, North Huntingdon, PA 15642, upon filing of a Certificate of Default by NexTier's counsel of record, and upon entry of an Order by this Court, NexTier may pursue its State Court remedies against the Debtor pursuant to the Loan Document underlying Claim 4.

*See* Exhibit 'A'.

5. The Debtor has since failed to make the aforementioned payments to the Chapter 13 Trustee in the complete and timely fashion required under the Order.

6. Specifically, as of this writing the Trustee's records reflect that the Debtor has made only four (4) payments to the Trustee since April 2026. A true and correct copy of the Trustee's account records and payment history is attached hereto as Exhibit 'B', and made a part hereof.

7. In accordance with the Stipulation for Conditional Relief, on October 21, 2026, NexTier sent written Notice of Default to the Debtor and her counsel. A true and correct copy of the Notice of Default is attached hereto as Exhibit 'C', and made a part hereof.

8. As of this filing, the Debtor has failed to cure the default. *See* Exhibit 'B'.

9. By reason of the foregoing, NexTier hereby declares that the stay under the Order is vacated and the automatic stay is unconditionally lifted in favor of NexTier as to 12219 ADAMS DRIVE, NORTH HUNTINGDON, PA 15642 as fully described in underlying 4.

Respectfully submitted,

GRENEN & BIRSIC, P.C.

By: /s/ Jeremy J. Kobeski

Jeremy J. Kobeski, Esquire
PA ID No. 94503
Attorneys for NexTier Bank, N.A.
One Gateway Center, 9th Floor
Pittsburgh, PA 15222
412-281-7650
E-mail: jkobeski@grenenbirsic.com